PEOPLE, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ ET AL., DEFENDANTS (CONCEPCIÓN ET AL., APPELLANTS).

Appeal from the District Court of Humacao in a Prosecution for Gaming (Forfeiture of Surety Bond).

No. 1281.—Decided November 18, 1918.

BAIL—FORFEITURE OF BAIL—APPEAL.—When a defendant who is at liberty on bail fails to appear and, after hearing the sureties, the court orders the for-

feiture of the bail bond, the order will be affirmed on appeal unless it be shown that the court abused its discretional power.

The facts are stated in the opinion.

*Mr. José Soto Arroyo* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

A criminal action brought against Ruperto Martínez and Nicolás Vázquez in the District Court of Humacao terminated in a judgment of conviction. Defendants appealed to this court, which affirmed the judgment. Thereupon Genaro Concepción and Carmen Festal, the bondsmen of the appellants, were notified that if they did not cause the appellants to appear before the District Court of Humacao at 9 a. m. on April 1, 1918, in accordance with the terms of the bail bond, the said bond would be forfeited. Defendant Nicolás Vázquez failed to appear on April 1. The district attorney moved for the confiscation of the bail bond and the court so ordered. Thereupon, on April 4, 1918, the bondsmen moved the court to reconsider its said order on the ground that although it was true that Vázquez had failed to appear, it was because of the fact that he had been arrested in Fajardo early on the morning of April 1. The court set April 12 for hearing the motion and after such hearing on that day the motion was overruled. In proof of their allegation the bondsmen presented a certificate of the marshal of the Municipal Court of Fajardo, reciting that on April 1 and "in the first hours of the morning" he received a warrant for the arrest of Nicolás Vázquez which was duly executed, the time of its execution not being stated.

In view of the foregoing it is obvious that the district court did not exceed its discretional power. The certificate of the marshal is very vague. He may have received the warrant early on the morning of April 1 and not have executed it until late in the morning, or in the afternoon, or later. Moreover, Fajardo is some distance from Humacao and in

order to appear in Humacao at 9 a. m. he would have had to leave about two hours earlier even if he could count upon the most rapid mode of travel.

This being so, in accordance with the jurisprudence laid down by this court in the case of *People* v. *Soto,* 24 P. R. R. 460, the order appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.